IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2016-NMSC-023

Filing Date: June 16, 2016

Docket No. S-1-SC-34920

IN THE MATTER OF
JASON S. MONTCLARE, ESQUIRE

An Attorney Licensed to
Practice Before the Courts
of the State of New Mexico

PUBLIC CENSURE

Jane Gagne
Albuquerque, NM

for Disciplinary Board

Jason S. Montclare
Alamogordo, NM

Respondent

OPINION AND PUBLIC CENSURE

DANIELS, Chief Justice.

{1}     Attorney Jason S. Montclare accepted a flat fee from a client in the form of real property and transferred a half interest in that property to his legal assistant before he had fully earned it, making him unable to return the unearned portion when he was later discharged before completion of the case. Montclare's actions violated Rule 16-105 NMRA, Rule 16-108 NMRA, and Rule 16-115 NMRA of our Rules of Professional Conduct. We write to issue a public censure and to clarify the rules pertaining to nonmonetary flat fees.

I.      BACKGROUND

{2}     Montclare agreed to represent Wolfgang Bohm, the complainant, in a child support enforcement action brought by the State of New Mexico Human Services Department (State) in which Bohm had been incarcerated for failure to appear. On April 12, 2013, Bohm

1

retained Montclare's services to obtain his release from jail and resolve the underlying child support action in exchange for a flat fee consisting of real property located at 101 Round Mountain, Bent, New Mexico. Bohm had transferred the property to Montclare on the preceding day by special warranty deed, which Montclare immediately recorded with the office of the county clerk.

**{3}** Montclare commenced work on Bohm's case and filed a motion for his immediate release from custody. On May 8, 2013, the State stipulated to Bohm's release without communicating with Montclare. Bohm was released from jail the next day and asked Montclare to return the property. Montclare refused, maintaining that he had earned it, and instead deeded half of the property to his office manager Tracy Perry as payment for her services.

**{4}** The Office of Disciplinary Counsel of the New Mexico Supreme Court Disciplinary Board brought an action against Montclare on November 26, 2013. Before any hearing, Montclare and Perry agreed to transfer the property back to Bohm, but they were unable to reach an agreement as to how Montclare would compensate Perry for her interest. The Hearing Committee of the Disciplinary Board held a hearing on the merits on April 15, 2014. On June 3, 2014, the Hearing Committee issued its proposed conclusion that Montclare had violated Rule 16-105(A) by charging an unreasonable fee, Rule 16-108(A) by acquiring ownership of client property without complying with the requirements pertaining to conflicts of interest, and Rule 16-115(A) and (E) by failing to hold client property separate from his own. The Hearing Committee recommended that Montclare be suspended from the practice of law for six months followed by one year of supervised probation. Additionally, the Hearing Committee recommended that Montclare be ordered to make restitution to Bohm by deeding the entire property back to him or by paying him its appraised value.

**{5}** On June 24, 2014, counsel for the Disciplinary Board notified Montclare that the transfer of the property from Bohm to Montclare was not valid because the property was still in the name of Bohm's deceased mother at the time, and consequently the deed from Montclare to Perry might be void because Montclare did not have a valid property interest to transfer. Nevertheless, the Disciplinary Board asked that Montclare and Perry execute special warranty deeds and quitclaim deeds transferring any interest they might have in the property back to Bohm to resolve any possible cloud on the title that may have resulted from the invalid transfers. On September 10, 2014, disciplinary counsel filed a specification of charges against Montclare, alleging that by deeding a half interest in the property to Perry he had violated Rule 16-504 NMRA by improperly splitting fees with a nonlawyer.

**{6}** On September 16, 2014, a Panel of the Disciplinary Board approved the Hearing Committee's proposed findings of fact and conclusions of law on the earlier charges after briefing but without hearing oral argument. The Panel adopted the Hearing Committee's recommendation of a six-month suspension followed by one year of supervised probation and also recommended that Montclare be required to take any necessary steps to restore clear title to the property to Bohm or, if clear title could not be restored, to pay Bohm the fair

2

market value of the property.

**{7}** Montclare requested review of the Panel's decision by this Court on October 2, 2014, arguing that disciplinary counsel had not proved he had the mental state that merited suspension and asking that the case be remanded to the Hearing Committee for reconsideration in light of the invalidity of the transfer that was discovered after the hearing. On October 17, 2014, Montclare also moved the Panel for a new hearing on the same basis. Disciplinary counsel responded that the Panel no longer had jurisdiction over the proceedings because Montclare had already requested review by this Court. The Panel did not rule on the motion for a new hearing.

**{8}** We heard argument in this case on February 4, 2015, but ordered the matter held in abeyance subject to Montclare commencing fee arbitration with Bohm and making arrangements to clear title to the property. Disciplinary counsel suggested to Montclare that the additional allegations concerning fee-splitting could be resolved by consenting to discipline.

**{9}** On February 9, 2015, Montclare entered into a conditional agreement in which he admitted to violating Rule 16-504(A) by sharing legal fees with a nonlawyer and consented to a formal reprimand. The Panel approved the consent agreement on March 19, 2015. Montclare then sought to withdraw from the consent agreement, and on April 3, 2015, he petitioned this Court for a hearing in the matter. This Court denied the petition.

**{10}** During this period, Bohm was attempting to sell the property but was unable to close the sale because he did not yet have clear title. Montclare subsequently quitclaimed his interest in the property to Bohm and attempted to reach an agreement with Perry to purchase her half interest in the property so that he could deed it back to Bohm, but he did not have the funds to pay the price Perry requested. Despite repeated extensions of time and admonitions from disciplinary counsel to make arrangements to purchase Perry's interest, Montclare still failed to do so.

**{11}** On September 25, 2015, disciplinary counsel moved this Court for an order to show cause as to why Montclare should not be held in contempt for violating the February 4, 2015, order by failing to take action to clear title to the property. The pending sale of the property was terminated due to the cloud on the title, and Bohm refused to participate in fee arbitration.

**{12}** After oral argument, we declined to hold Montclare in contempt but adopted the findings and conclusions of the Disciplinary Board Panel regarding the underlying violations of our Rules of Professional Conduct. We ordered that Montclare receive a public censure and be suspended from the practice of law for a period of six months, which suspension would be deferred on the condition that he purchase Perry's interest in the property on or before February 8, 2016, so as to return clear title to Bohm. The order specified that upon Montclare's delivery of full payment to Perry, disciplinary counsel would make

arrangements to obtain and deliver a quitclaim deed from Perry renouncing her interest in the property. Montclare was also ordered to attend an ethics CLE and pay the costs of the disciplinary proceedings. This opinion serves as his public censure and shall be published in the State Bar of New Mexico Bar Bulletin.

## II.  DISCUSSION

**{13}**    In reviewing disciplinary proceedings, we defer to the Hearing Committee on factual matters but review legal conclusions and recommendations for discipline de novo. *In re Yalkut*, 2008-NMSC-009, ¶ 16, 143 N.M. 387, 176 P.3d 1119.

**{14}**    "A lawyer shall not make an agreement for, charge or collect an unreasonable fee." Rule 16-105(A). "[N]on-refundable unearned fees are unreasonable." *Yalkut*, 2008-NMSC-009, ¶ 26. A flat fee for future legal services is not prohibited, but it cannot be considered as earned when paid and must be held in trust until earned. *See id.* Additionally, "lawyers must inform their new clients of the basis upon which they will compute the amount of fee earned . . . and maintain records that will enable them to determine the ongoing status of the fee, even when the fee arrangement is for a flat fee." *Id.* (omission in original) (internal quotation marks and citation omitted). An attorney who is discharged is only entitled to recover the reasonable value of services rendered prior to the discharge, even if the agreement was for a flat fee and the discharge is without cause. *Guest v. Allstate Ins. Co.*, 2010-NMSC-047, ¶¶ 49, 51, 149 N.M. 74, 244 P.3d 342. Upon termination, an attorney must refund to the client "any advance payment of fee or expense that has not been earned or incurred." Rule 16-116(D) NMRA.

**{15}**    Montclare did present billing records to the Hearing Committee showing the time he spent on the case and calculating the fee he maintained he had earned. The Committee found that these calculations were not credible and consequently that Montclare had not earned the full value of the property. We defer to these findings and conclude that, because Montclare did not earn the full value of the property before transferring an interest to Perry and thereby making it nonrefundable, the property was an unreasonable fee in violation of Rule 16-105(A).

**{16}**    We clarify that the acceptance of a flat fee in the form of real property is not in itself contrary to our Rules of Professional Conduct. An attorney may accept a nonmonetary fee, but regardless of the form it takes any fee must be reasonable and must be refundable until it is fully earned.

**{17}**    Additionally, an attorney must minimize any potential conflict of interest with a client by ensuring that

> (1)    the [terms of a nonmonetary fee agreement] are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

> (2)      the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (3)      the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Rule 16-108(A).

**{18}** Montclare argued that it was Bohm's idea to use the property to pay for legal services and that he was doing Bohm a favor by accepting the offered real estate because other attorneys had declined the case and Bohm would otherwise have been without representation. Regardless of the truth or accuracy of Montclare's assertions, they do not relieve him of his responsibilities to properly advise his client and to ensure that the terms of any transaction are fair and fully disclosed. Attorneys often contract with clients in difficult situations because it is precisely those circumstances that give rise to the need for an attorney. But our Rules of Professional Conduct prevent attorneys from taking advantage of any such desperation to the detriment of the client. Rule 16-108 "was promulgated to ensure that transactions between clients and attorneys remain fair and reasonable and to ensure that attorneys do not exercise an unfair advantage over their clients." *Guest v. Allstate Ins. Co.*, 2009-NMCA-037, ¶ 23, 145 N.M. 797, 205 P.3d 844, *reversed on other grounds by Guest v. Allstate Ins. Co.*, 2010-NMSC-047, ¶ 72. By agreeing to accept Bohm's property without advising him to seek independent counsel, without obtaining his informed consent, or without ensuring that the terms of the transaction were fair and reasonable to Bohm, Montclare violated Rule 16-108(A).

**{19}** Finally, after agreeing to accept the property as a fee, Montclare failed to properly safeguard it until he had earned its full value. Any retainer or flat fee not yet earned must be safely kept and held in trust for the client, separately from the lawyer's own property. Rule 16-115. Money that belongs to a client must be deposited in a separate trust account and withdrawn only as fees are earned or expenses are incurred. Rule 16-115(A), (C). Our rules are not so specific regarding nonmonetary property, but it must be identified as belonging to the client, safeguarded, and promptly returned when the client is so entitled. Rule 16-115(A), (D). One way to accomplish this when a fee takes the form of real property would be to have the deed held in escrow by a neutral, third party until the attorney has earned the full value of the property. But it would not necessarily be an ethical violation to transfer the title into the attorney's name and record the transfer, even though the attorney is not yet entitled to ownership of the property, because in the absence of a third-party escrow these steps might be necessary to properly safeguard both attorney and client interests in the title. There would have been no violation if Montclare had transferred and recorded the deed but had safely kept it and had promptly transferred it back to Bohm when asked. When Montclare instead refused to return the property and transferred a half interest to Perry, making him unable to return it to Bohm without securing Perry's cooperation, Montclare

violated Rule 16-115(A), (D).

## III.     CONCLUSION

**{20}**     We issue this public censure as a consequence of Montclare's actions in accepting a flat fee and transferring a portion of that fee to a third party before he had earned it so that he was unable to refund the unearned portion when requested as is required by our Rules of Professional Conduct. Because Montclare has since made the required payments and filed the necessary documents to transfer all interest in the property back to his former client, we do not impose the previously deferred six-month suspension.

**{21}     IT IS SO ORDERED.**

                    _____

                    **CHARLES W. DANIELS, Chief Justice**

**WE CONCUR:**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**BARBARA J. VIGIL, Justice**

_____

**JUDITH K. NAKAMURA, Justice**

6